UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIDIA KOIFMAN and EUGENE KOIFMAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, OFFICER HERBERT ) <br> RESCHKE (#12407), OFFICER KENNETH ) <br> TOJONG (#17284), OFFICER RONAN (#1871) ) <br> OTHER UNNAMED POLICE OFFICERS ) <br> OF THE CHICAGO POLICE DEPARTMENT, ) <br> DOMINICK'S FINER FOODS, INC., MIKE ) <br> SULLIVAN, and LATOYA HILLS, ) <br> ) <br> Defendant. ) | No. 04 C 6659 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

On October 15, 2003, Plaintiff Lidia Koifman was arrested at a Dominick's Finer Foods Store in Chicago, Illinois, and charged with disorderly conduct. The charges were "s.o.l.'d" ("stricken off with leave to reinstate") on November 17, 2003. Mrs. Koifman and her husband, Eugene, filed several civil actions arising out of the events of October 15, including two complaints in this court, one through counsel and one *pro se*. The two cases have now been consolidated, and after the withdrawal both of retained counsel and an attorney previously appointed by the court to represent them, the Koifmans have filed an amended complaint against Dominick's, store managers, certain Chicago Police Officers, and the City of Chicago.

All Defendants have moved to dismiss the amended complaint. Defendants Dominick's and its store manager, Mike Sullivan argue for dismissal pursuant to FED. R. CIV. P. 12(b)(6). The City of Chicago and Police Officer Defendants Reschke, Tojong, and Ronan contend the court should dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which authorizes dismissal of a

complaint filed *in forma pauperis* if the court concludes it is frivolous or malicious. For the reasons explained in this order, the Dominick's Defendants' motion is granted in part and denied in part. Although the court sympathizes with the City Defendants' frustration in responding to allegations that appear to embellish and contradict Plaintiffs' earlier sworn allegations, the motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is denied.

## ALLEGED FACTS

Plaintiffs' amended complaint alleges that on October 15, 2003, Plaintiff Lidia Koifman entered the Dominick's store at 1698-1743 West Howard in Chicago. (Amended Complaint, ¶ 11.) Plaintiffs allege, "[o]n information and belief," that Dominick's had experienced prior thefts and "prostitution by foreigners" at that location and, in response, had an agreed "joint concerted plan of action" with the Chicago Police Department, ("CPD"), under which Dominick's employees would identify suspected prostitutes for immediate arrest by CPD officers. (*Id.* ¶ 12.) Because she has a "heavy Russian accent," Lidia Koifman alleges, Dominick's manager Mike Sullivan identified her as a foreign prostitute and, pursuant to the agreement between Dominick's and CPD, Officers Herbert Reschke, Kenneth Tojong, and [first name unidentified] Ronan "physically restrained, hand cuffed and violently removed" her from the store. (*Id.* ¶¶ 13, 15, 16.) Plaintiff Eugene Koifman, who also speaks with a Russian accent, went to the police station and demanded to see his wife, but was directed to leave. (*Id.* ¶ 17, 19.) When he refused to do so, Plaintiffs allege, Mr. Koifman "was physically restrained for some time" (Plaintiffs do not say by whom) by a law enforcement maneuver "commonly referred to as a 'take into a pencil-box' or a 'take down'" and was called names, including "'ugly freaking Jew, fucking Jew.'" (*Id.* ¶¶ 20, 21.)

Plaintiffs allege that all Defendants violated their rights under the Fourth and Fourteenth

2

Amendments, their rights to equal protection and to due process (Count I); that all Defendants are liable under state law for assault, battery, and false imprisonment (Counts II, III, and IV), and that all Defendants' conduct constitutes the intentional infliction of emotional distress (Count V); and that Defendants have committed a "hate crime" (Count VI). They seek $3,000,000 in damages. (*Id.* page 10a.)

## DISCUSSION

**I.     City Defendants' Motion to Dismiss**

Officers Reschke, Tojong, and Ronan, and the City of Chicago, move for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Under that statute, when an individual seeks leave to file a civil action without prepayment of fees, the court is directed to analyze the claims set forth in the complaint and dismiss them if the court determines that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A claim is frivolous, for purposes of this section, only when it lacks an arguable basis in law or in fact. *See, e.g., Baker v. AME Church Judicial Council,* 320 F. Supp. 2d 786, 788 (N.D. Ind. 2004) (collecting cases, including *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)). The standard for review of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used in reviewing a complaint under Rule 12(b)(6). *See DeWalt v. Carter,* 224 F.3d 607, 611-12 (7th Cir. 2000). The court assumes the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *See Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). Under that standard, a complaint need only set forth a "short and plain statement" of the claim that will give the defendants fair notice of the nature of the claim and the ground on which it rests. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163,

168 (1993).

The City Defendants have not argued that the complaint fails to meet that generous standard. Plaintiffs have in fact stated claims for relief: Put very simply, Plaintiffs have alleged that Defendants arrested Lidia Koifman without probable cause and used excessive force on her and, later, on her husband Eugene. Instead, the City Defendants argue that the court should consider the Koifmans' previous filings: two complaints in the Chicago Commission on Human Relations, a charge in the Illinois Department of Human Rights, two lawsuits in the Circuit Court of Cook County, and two federal lawsuits, one through counsel and one *pro se*, filed the same day in this court. The allegations in those pleadings, Defendants note, are inconsistent with one another in a way that suggests Plaintiffs have embellished and exaggerated their claims over time. Defendants assert, in addition, that Plaintiffs have made untrue statements to the court concerning the involvement of attorneys in their case. In the City Defendants' view, Plaintiffs' submissions support the conclusion that this litigation is filed in bad faith and for purposes of harassment.

The court sympathizes with the frustration the City Defendants may feel in responding to what appear to be shifting allegations. The court itself is dismayed by Plaintiffs' apparent lack of candor regarding their prior representation by retained and appointed attorneys (both of whom have since withdrawn). Statements made in earlier sworn submissions are, of course, a basis on which Plaintiffs may be impeached. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 640 (7th Cir. 2004) (collecting cases). The circumstances here do not, however, in the court's view, call for dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiffs' allegations may be exaggerated, and discovery may even prove them completely false, but the notion that an individual was subject to false arrest or excessive force is not, on its face "inconceivable fantasy." *Cf. Gale v.*

*Williams*, 154 Fed. Appx. 494, 495 (7th Cir. 2005). The City Defendants' motion to dismiss on this basis is denied.

## II. Dominick's Defendants' Motion to Dismiss

Dominick's Finer Foods, Inc., and store manager Mike Sullivan have moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6).[1] They have made six arguments in support of this motion: They contend, first, that 42 U.S.C. § 1983 does not provide a basis for a civil rights complaint against private actors, including Dominick's and Sullivan and, second, that Plaintiffs' conspiracy allegations do not support naming the Dominick's Defendants on their due process and equal protection claims. Third, they contend that Plaintiffs' allegations of assault, battery, and false imprisonment are insufficient because there is no allegation that any Dominick's employee took such action against Plaintiffs. Dominick's Defendants assert that Plaintiffs' tort claims and their "hate crime" claims are preempted by the Illinois Human Rights Act. Fifth, Dominick's Defendants contend that Plaintiffs' allegations of intentional infliction of emotional distress are insufficient. Finally, Dominick's Defendants note that Plaintiffs have not alleged that Mike Sullivan committed any tortious acts or engaged in any of the alleged "take down" or "pencil box" maneuvers.

In their two written responses to the Dominick's Defendants' motion to dismiss, Plaintiffs have not directly addressed any of those arguments. To the extent they have asserted additional facts in those responses, the Dominick's Defendants are correct that such additional facts should be disregarded. The court has nevertheless considered each of Defendants' arguments for dismissal on

---

[1] Plaintiffs also have named Latoya Hills, apparently another Dominick's employee, as a Defendant, but there is no mention of Ms. Hills in the text of their amended complaint. All claims against Ms. Hills are dismissed.

their merits.

### A. Dominick's Defendants are not State Actors

First, with respect to Count I, in order to proceed under 42 U.S.C. § 1983, Plaintiffs must show that an individual acting under color of law deprived them of federal rights. Private actors, including Dominick's and Sullivan, may not be held liable under this section unless the state effectively controls or directs the private party's actions or delegates a public function to a private entity. *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (citing *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999)). The allegations in this case do not support a § 1983 claim against the Dominick's Defendants under this theory. Plaintiffs have not alleged that the Chicago Police Department controlled the actions of the Dominick's Defendants or delegated a public function to them. Instead, Plaintiffs' theory appears to be that Dominick's entered into an agreement with CPD under which Dominick's identified suspected prostitutes and directed or arranged for CPD officers to arrest them. The filing of a criminal complaint is insufficient to transform a private individual into a state actor for purposes of § 1983 liability. *Smith v. City of Gretna Police Dep't*, 175 F. Supp. 2d 870, 875 (E.D. La. 2001) (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982)). Plaintiffs have not alleged that CPD had delegated power to the Dominick's Defendants themselves to effect an arrest. *See Johnson*, 372 F.3d at 894 (hospital security guard who was not expected or authorized to carry out the functions of a police officer was not liable under § 1983). Nor are Plaintiff's allegations of a "joint concerted plan of action" sufficient to render private actors liable under § 1983.

The Dominick's Defendants' motion to dismiss Count I is granted.

### B. Assault, Battery, Excessive Force Claims

The court agrees, further, that there is no basis for a claim of excessive force against the Dominick's Defendants. Plaintiffs have alleged that Officers Reschke, Tojong, and Ronan "physically restrained, hand cuffed and violently removed" Lidia Koifman from the Dominick's store and that Mr. Koifman was restrained by the "pencil-box" or "take down" maneuver at the police station. There is no indication that Mike Sullivan or any other Dominick's employee was involved in the use of force against either of the Plaintiffs. Their motion to dismiss excessive force claims is dismissed, as are Counts II, III, and IV (the assault, battery, and excessive force claims).

### C. Intentional Infliction of Emotional Distress

What is left are Plaintiffs' claims of intentional infliction of emotional distress (Count V) and the "hate crime" claim (Count VI). To successfully establish a claim for intentional infliction of emotional distress, Plaintiff must show that Defendants' conduct was extreme and outrageous, that they intended to inflict severe emotional distress or knew that there was a high probability that such distress would result from their conduct, and that the conduct actually did cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *McGrath v. Fahey,* 126 Ill. 2d 78, 86, 533 N.E.2d 806, 809 (1988)); *Tuite v. Corbitt*, 358 Ill. App. 3d 889, 899, 830 N.E.2d 779, 789 (1st Dist. 2005). Such a claim will be successful only where the conduct is "so outrageous and extreme that it goes beyond all possible bounds of decency" and the distress inflicted is so "severe that no reasonable person could be expected to endure it." *Tuite*, 358 Ill. App. 3d at 899-900, 830 N.E.2d at 789. In determining whether conduct is truly "outrageous," the court employs an objective standard, based on the facts of each case. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 641 N.E.2d 498,

507 (1994). The tort does not arise from threats, insults, indignities, annoyances, or "petty oppressions." *McGrath*, 126 Ill. 2d at 86, 533 N.E.2d at 809 (citing Restatement (Second) of Torts § 46, comment d at 73 (1985)).

For purposes of the generous federal pleading standards, Plaintiff Lidia Koifman's allegations are adequate to state a claim for intentional infliction of emotional distress. She asserts that for no reason other than the store's history with prostitutes from other countries, Dominick's personnel targeted her, a shopper with a heavy Russian accent, for arrest by CPD officers. If her allegations are true, Dominick's had no good faith basis for suspecting her of unlawful activity and knew, or should have known, that being taken into custody by police officers would be humiliating and potentially painful. The court has no idea whether Plaintiff Lidia Koifman can prove these claims, and the fact that some of her allegations appeared for the first time only after several previous court filings renders them suspect. Nevertheless, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court assumes the allegations are true, construes them liberally, and views them in the light most favorable to plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). If any set of facts consistent with her allegations would entitled Plaintiff to relief, dismissal is improper. *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995).

Plaintiff Eugene Koifman makes no allegations of wrongdoing by the Dominick's Defendants against him. Their motion to dismiss the intentional infliction of emotional distress claim is granted as against Eugene Koifman, but otherwise denied.

**D.     "Hate Crimes" Claim**

The Illinois "hate crimes" law criminalizes "ethnic intimidation," defined to include assault

"by reason of the race, color, creed, religion or national origin of another individual." The crime is a misdemeanor unless it results in "violent infliction of injury," in which case it is a felony. 720 ILCS 5/12-7.1(a), (b). Plaintiffs assert that the October 15, 2003 episode was a product of ethnic or racial animus. If Plaintiff Lidia Koifman was assaulted in part due to her Russian origin, she may well have been the victim of such a crime. The criminal law is not enforced by way of a private lawsuit, however, and if she wants this crime prosecuted, Ms. Koifman must swear out a complaint with law enforcement authorities. Count VI is dismissed.

## CONCLUSION

For the reasons explained here, the City Defendants' motion to dismiss (37) is denied. The Dominick's Defendants' motion to dismiss (39) is denied with respect to Plaintiff Lidia Koifman's claim of intentional infliction of emotional distress, but otherwise granted. Defendant Latoya Hills is dismissed from this action. Plaintiffs' motion to bar reassignment of this case (49) is denied, and their motion for an extension of time to respond to the pending motions to dismiss (63) is stricken without prejudice as moot. All Defendants are directed to answer the allegations against them on or before April 21, 2006. A Rule 16 conference is set for May 10, 2006 at 9:00 a.m.

ENTER:

Dated: March 31, 2006

_____
REBECCA R. PALLMEYER
United States District Judge